IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

   v.

**JAMIE FAYE COBAT,**

        Defendant.

No. 3:18-cr-00256-MO-1

OPINION AND ORDER

**MOSMAN, J.,**

This matter is before me on Defendant Jamie Faye Cobat's pro se Motion to vacate her criminal conviction under Rule 60(b)(4) and the Government's Motion to Dismiss her motion. *See* Mot. to Vacate Void Judgment Under Fed. R. Civ. P. 60(b)(4), [ECF 13]; Mot. to Dismiss, [ECF 16]. As explained below, I deny Defendant's Motion and grant the Government's.[1]

### BACKGROUND

A 2016 superseding indictment charged Defendant with one count of wire fraud and three counts of theft of government funds. *United States v. Cobat*, 3:16-cr-00187-MO-1, [ECF 17]. After a three-day trial in 2017, a jury found her guilty on all four counts. *Id.* at [ECF 71]. About a year

---

[1] Because a hearing will not aid me in resolving this matter, I decide this motion on the briefing. *See United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

1 – Opinion and Order

later, in February 2018, I granted the Government's Unopposed Motion to Vacate Jury Verdict as to Count Three Only. *See id.* at [ECF Nos. 137, 139].

About three months later, on May 25, 2018, the Government charged Defendant in a single-count information with theft of government funds for receiving $19,247 in Supplemental Security Income benefits to which she was not entitled, which opened this 2018 case. Information, [ECF 1]. In June 2018, Defendant pleaded guilty, and I sentenced her to six months of probation, restitution, and community service. [ECF 5, 7]. In exchange for Defendant's guilty plea in this case, the Government agreed to move to vacate the jury's verdicts on the remaining three counts from the 2016 case, which it did. [ECF 7]; *see also* 3:16-cr-00187-MO-1 at [ECF 150]. I vacated the jury's verdicts on the remaining counts from the 2016 trial four days after Defendant's plea, on June 5, 2018. 3:16-cr-00187-MO-1 at [ECF 152].

On November 18, 2025, Defendant filed the instant Motion to vacate the judgment entered on June 1, 2018, on the ground that it is void because: (1) "it was obtained in violation of the Due Process Clause, through the suppression of exculpatory evidence (Brady), the presentation of false or misleading evidence (Napue), and the use of unlawfully obtained investigative materials;" (2) the AUSA assigned to the case was conflicted; and (3) the charge against Defendant relied on evidence that had already been vacated in the 2016 case. [ECF 13]. The Government moves to dismiss Defendant's Motion arguing that, as part of her plea agreement, Defendant waived the right to file any collateral challenge to her conviction, subject to limited exceptions[2] that do not apply here. [ECF 16] at 1, 4–5.

///

---

[2] Those exceptions are "grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Plea Agreement, [ECF 7] at ¶ 11.

2 – Opinion and Order

## DISCUSSION

### I. Legal Standards

Federal Rule of Civil Procedure 60(b)(4) provides that a federal court may grant relief from judgment if the judgment is void. Such a motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

A court generally enforces a defendant's waiver of her right to appeal or to collaterally attack her conviction "if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rodriguez*, 49 F.4th 1205, 1211–12 (9th Cir. 2022) (quoting *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (alterations in original). Courts "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005). Neither the Ninth Circuit nor this District has squarely addressed if collateral-attack waivers apply to Rule 60(b) motions. The courts that have addressed this question, including one in this Circuit—the District of Idaho, have found collateral-attack waivers applicable to Rule 60(b) motions. *See e.g.*, *United States v. Corrales*, Case No. 4:14-cr-00099-BLW, 2025 WL 2418811, * 1 (D. Idaho Aug. 21, 2025) (finding no jurisdiction over a Rule 60(b) motion because defendant "waived his rights to collaterally attack his sentence"); *Pease v. United States*, 768 F. App'x 974, 977 (11th Cir. 2019) ("the district court did not abuse its discretion in denying Rule 60(b) relief" where defendant knowingly waived "his right to appeal his sentence 'directly or collaterally, on any ground.'"); *Andino v. United States*, No. 5:19-cr-1, 2025 WL 2622322, at *6 (E.D. Pa. Sep. 10, 2025) (because "Andino waived the right to collaterally attack his conviction and sentence, Andino also waived the right to file the instant [Rule 60(b)] motion" and citing cases); *United States v. Henry*, No. 07-20006-02-KVH, 2017 WL 6451100, at *3 (D. Kan. Dec.

3 – Opinion and Order

18, 2017) ("The plea waiver unambiguously includes the right to collaterally attack any matter in connection with defendant's sentence through Section 2255 or Rule 60(b) motion."); *Frank v. United States*, No. CR 103-045, 2012 WL 12969683, at *3 (S.D. Ga. Oct. 18, 2012) (rejecting Rule 60(b) due process challenge to career offender status because defendant "bargained away his right to challenge his career offender status on collateral review.").

**II.     Analysis**

As the Government points out, Defendant's plea agreement in this case includes a clear and unambiguous waiver of the right to collaterally attack her conviction in this case. [ECF 7]. She "waive[d] the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction and sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)," none of which are asserted here ECF No. 7 at ¶ 11; *see generally* [ECF 13]. Defendant does not argue that her waiver of her right to file a collateral attack was not knowing and voluntary and even if she did, the record precludes any dispute on that issue. The waiver provision in Defendant's plea agreement expressly states that she "knowingly and voluntarily" waived certain collateral-attack rights. *Id.* Defendant signed the agreement directly below the attestation that she had "carefully reviewed" every part of the agreement with her attorney and understood its terms. *Id.* at 16. Finally, at sentencing, I directly asked Defendant about giving up her right to challenge her sentence if she thought it violated the law, and Defendant confirmed that was what she intended to do. Tr. of Sentencing, [ECF 9] at 6:20–7:1).

Like the other courts that have considered this question, I find that Defendant's knowing and voluntary waiver of her right to collaterally challenge her conviction applies to her Rule 60(b)(4) Motion. *See e.g.*, *Andino*, 2025 WL 2622322 at * 6 (listing cases finding the same); [ECF

4 – Opinion and Order

7] at ¶ 11. Defendant bargained away her "right to file any collateral attack" subject to limited exceptions in her Plea Agreement, and her Motion constitutes a collateral attack not subject to any of the exceptions. *See generally* [ECF 13]; *see* [ECF 7] at ¶ 11. To find otherwise would effectively give Defendant more than she bargained for—concessions from the prosecution *and* an ability to collaterally challenge her conviction—and give the Government less. Accordingly, I enforce the terms of the parties' plea agreement and dismiss Defendant's Motion.[3]

## CONCLUSION

For the reasons above, I deny Defendant's Rule 60(b)(4) Motion to Vacate Void Judgment Under Fed. R. Civ. P. 60(b)(4), [ECF 13], and grant the Government's Motion to Dismiss. [ECF 16].

IT IS SO ORDERED.

DATED this 1/12/2026

MICHAEL W. MOSMAN
United States District Judge

---

[3] Defendant is correct that the Government's Motion does not rebut or otherwise address her constitutional arguments. Reply, [ECF 18]. But there is no need for the Government's Motion to do so because it seeks to enforce Defendant's waiver of her right to make such a challenge and dismiss her Motion.

5 – Opinion and Order